IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SYLVAN HILLS and COLUMBIA RESIDENTIAL PROPERTY MANAGEMENT, | : : : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| JESSICA CRAWFORD, | : : | CIVIL ACTION NO. 1:18-cv-3224-AT-JFK |
| Defendant. | : | |

## **ORDER**

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation that this state court action for eviction be remanded to the Magistrate Court of Fulton County pursuant to 28 U.S.C. § 1447(c) [Doc. 3].

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate Judge's R&R for clear error if no objections are filed to the report. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine de novo any part of the Magistrate Judge's disposition that is the subject of a proper objection. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b). Defendant has been granted *in forma pauperis* status by the Magistrate Judge. Rather than wait for potential objections to be filed, the Court reviews the Magistrate Judge's holding de novo in its entirety.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, this Court has conducted a careful, de novo review of the Magistrate Judge's recommendation remanding this action.  The Court concludes that the Magistrate Judge's Order is correct in all material respects.  The Court cannot act beyond its statutory grant of subject matter jurisdiction, and must "strictly construe removal statutes in favor of state court jurisdiction." *Kuhn v. Brunswick Corp.*, 871 F. Supp. 1444, 1446 (N.D. Ga. 1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994).

Accordingly, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of this Court.  For the reasons stated in the Magistrate Judge's Report and Recommendation, the Court **REMANDS** this case to the Magistrate Court of Fulton County.[1]  There being no further issues before the Court, the Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED** this 11th day of July, 2018.

_____
AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

---

[1] As this case involves a pro se Defendant, the Court provides further guidance.  An order remanding the case means that the case will continue to be heard, but in the court where it was originally filed – here, the Magistrate Court of Fulton County.  The case is simply being returned to the Magistrate Court for further proceedings.  Any future motions should be filed with the Magistrate Court.